⊕JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  **Clark County, NV**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Dane County, WI**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Chad A. Bowers, Esq, Chad A. Bowers, LTD., 3202 W. Charleston Blvd., Las Vegas, NV 89102

Attorneys (If Known)
Nelson L. Cohen, Esq., Paul A. Acker, Esq., Bremer, Whyte, Brown & O'Meara, LLP.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1441(a); 28 U.S.C. Sec. 1332(a)(1)

Brief description of cause:
Breach of Contract, Breach of Duty of Good Faith and Fair Dealing

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE  2/16/10
SIGNATURE OF ATTORNEY OF RECORD  /s/ [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

```
 1 | NOTC
   | NELSON L. COHEN, ESQ.
 2 | Nevada State Bar No. 7657
   | PAUL A. ACKER, ESQ.
 3 | Nevada State Bar No. 3670
   | BREMER WHYTE BROWN & O'MEARA LLP
 4 | 7670 WEST LAKE MEAD BOULEVARD
   | SUITE 225
 5 | LAS VEGAS, NV 89128
   | TELEPHONE:  (702) 258-6665
 6 | FACSIMILE:  (702) 258-6662
   | ncohen@bremerandwhyte.com
 7 | packer@bremerandwhyte.com
 8 | Attorneys for Defendant,
   | AMERICAN FAMILY INSURANCE GROUP
 9 |
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| GIOVANNI MAMONE,, | ) Case No. 09A604054 |
|---|---|
| Plaintiff, | ) Dept No.: III |
| vs. | ) **AMERICAN FAMILY'S NOTICE OF REMOVAL TO FEDERAL DISTRICT COURT** |
| AMERICAN FAMILY MUTUAL INSURANCE, a foreign Corporation, and DOES I-X II-X, inclusive,, | ) |
| Defendants. | ) |

**COMES NOW**, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, by and through its counsel of record, BREMER, WHYTE, BROWN & O'MEARA, LLP., and submits this Notice of Removal to the United States District Court for the District of Nevada.

PLEASE TAKE NOTICE that AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, hereby removes the state action entitled "Giovanni Mamone v. American Family Insurance Group, and/or DOES I-X" filed in the Eighth Judicial District Court for the State of Nevada in and for the County of Clark to this Court. The grounds for removal are as follows:

1.  Removal is appropriate pursuant to 28 U.S.C. 1441(a) because this Court has original jurisdiction over the case founded upon diversity of citizenship pursuant to 28 U.S.C.

BREMER WHYTE BROWN &
O MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

H:\1183\677 CF\NOTICE OF REMOVAL -Federal Court.doc

1332(a)(1). Pursuant to the claims set forth in Plaintiff's Complaint, the matters in controversy will allegedly exceed $75,000 based on Plaintiff's alleged damages, exclusive of interest and costs, and Complete diversity exists between Plaintiff GIOVANNI MAMONE and Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY as follows:

    a.    Upon information and belief, Plaintiff is a citizen of the State of Nevada.

    b.    Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY is a citizen of the State of Wisconsin as it is incorporated in Wisconsin and has its principal place of business in Wisconsin.

2.    Pursuant to 28 U.S.C. 1446(a), AMERICAN FAMILY MUTUAL INSURANCE COMPANY, provides this Court with copies of the following documents:

    a.    Civil Complaint, attached hereto collectively as Exhibit "1";

    b.    Affidavit of Service on AMERICAN FAMILY, attached hereto collectively as Exhibit "2";

    c.    AMERICAN FAMILY'S Notice of Removal of Action attached hereto as Exhibit "3".

3.    A copy of this Notice is being filed concurrently with the clerk of the Clark County District Court and served on Plaintiff's counsel.

Dated: February 26, 2010.        BREMER WHYTE BROWN & O'MEARA LLP


By:   */s/Paul A. Acker*
Nelson L. Cohen, Esq.
Nevada Bar No. 7657
Paul A. Acker, Esq.
Nevada Bar No. 3670
Attorneys for Defendant
AMERICAN FAMILY INSURANCE

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

2

H: 1183.677 CF NOTICE OF REMOVAL -Federal Court.doc

# EXHIBIT 1

# EXHIBIT 1

● ◨ ORIGINAL ●

COMP
CHAD A. BOWERS, ESQ.
Nevada Bar #: 007283
**CHAD A. BOWERS, LTD.**
3202 West Charleston Blvd.
Las Vegas, Nevada 89102
(702) 457-1001
(702) 457-8006
Attorney for Plaintiff

FILED
NOV 2 0 2009
CLERK OF COURT

## DISTRICT COURT

### CLARK COUNTY, NEVADA

GIOVANNI MAMONE, )
        )
    Plaintiff, )
vs. )   Case No. : A-09-604054-C
        )   Dept No. : III
AMERICAN FAMILY MUTUAL INSURANCE )
foreign Corporation, and DOES I-X )
and ROE CORPORATIONS )   COMPLAINT
II-X, inclusive, )
        )   A-09-604054-C
    Defendants. )   536888
        )

### COMPLAINT

Plaintiff, **GIOVANNI MAMONE**, by and through his attorney of record, CHAD A. BOWERS, Esq., for his cause of action against the Defendants, and each of them, alleges as follows:

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT)

I.

That at all times herein mentioned, Plaintiff, **GIOVANNI MAMONE**, was and is a resident of the City of Las Vegas, County of Clark, State of Nevada.

II.

That at all times mentioned herein, Defendant, **AMERICAN FAMILY MUTUAL INSURANCE**, (hereinafter "**AMERICAN FAMILY**") was and is Wisconsin corporation, active, in good standing, and

1 | authorized to do the business of property and casualty insurance
2 | in the state of Nevada since June 14, 1999.

3 | III.

4 | Plaintiff is unaware of the true names and legal capacities,
5 | whether individual, corporate, associate, or otherwise, of the
6 | Defendants sued herein as DOES I-X, and ROE CORPORATIONS, I-X,
7 | inclusive, and therefore sue said Defendants by such fictitious
8 | names. Plaintiff, an individual, prays leave to insert said
9 | Defendants' true names and legal capacities when ascertained.
10 | Plaintiff, an individual, is informed and believes, and thereon
11 | alleges, that each of the Defendants designated herein as a DOE
12 | and ROE are in some way legally responsible and liable for the
13 | events referred to herein, and proximately caused the damages
14 | alleged herein.

16 | IV.

17 | That at all times mentioned herein, Defendants, and each of
18 | them, were agents and employees of each of the remaining Defendant
19 | and were, at all times, acting within the purpose and scope of
20 | that agency and employment.

21 | V.

22 | That on or about May 6, 2006, the Plaintiff was involved in
23 | an automobile accident, which loss occurred at or near Charleston
24 | and Town Center, Las Vegas, County of Clark, State of Nevada.

25 | VI.

26 | That on that date, the Plaintiff was a passenger in a
27 | vehicle driven by **MIRIAM AIELLO**, who was in a collision with a
28 | vehicle driven by **MARK SANMAN**. The collision caused the injuries

1 and damages suffered by the Plaintiff.  These injuries included
2 but were not limited to his head, neck, back, bodily limbs,
3 organs and systems all or some of which conditions may be
4 permanent and disabling in nature.

### VII.

6 That at the time of this loss, the owner and driver of the
7 vehicle responsible for the collision, **MARK SANMAN**, was not
8 adequately insured to cover Plaintiff's entire loss. **MARK SANMAN**
9 tendered his full policy limits to Plaintiff in the amount of
10 $15,000.00 for his injuries.

### VIII.

12 Plaintiff is informed and believes that the adverse party
13 was, in fact, underinsured thus activating the underinsured
14 motorist benefits due and owing to the Plaintiff as well as any
15 and all other benefits contracted for and paid for separately.

### IX.

17 That Plaintiff made claim through his  "underinsurance
18 carrier", Defendant **AMERICAN FAMILY**, as he was, at the time of
19 this loss, covered under a policy of insurance at policy number
20 1784-9926-01-09-FPPA-NV on one (1) automobile , providing
21 uninsured / underinsured motorist benefits of $50,000.00.

### X.

23 The coverages provided were to compensate and make Plaintiff
24 whole for his loss suffered.

### XI.

26 That the Plaintiff is an "insured" and is entitled to
27 benefits from the uninsured/underinsurance available on the
28 policies of insurance issued to **MIRIAM AIELLO**.

XII.

That the Plaintiff did, during the course of his care, make demand for resolution of the underinsurance portion of this claim to his carrier, the Defendant **AMERICAN FAMILY** and forwarded any and all required applications, authorizations and materials necessary to perfect this claim with the Defendant **AMERICAN FAMILY**.

XIII.

That when the Plaintiff made demand for resolution of this claim through the Defendant, the Defendant denied benefits demanded including:

    (a) Denial of full of benefits of her uninsured motorist benefits.

XIV.

That Defendant has acknowledged that coverage for underinsurance which is available and was in effect at the time of the loss is refusing tender of full benefits, and requiring deduction or offset for all sums paid pursuant to any other benefits available and paid to the Plaintiff.

XV.

The Plaintiff alleges that the Defendant is not entitled to any deduction or offset for benefits against underinsurance for any reason and that they are responsible for full benefits contracted for by Plaintiff and contemplated by law and statute including the requirements of "stacking" as hereinabove mentioned.

///

XVI.

2. That Plaintiff has made a demand for payment of benefits for which he paid a separate premium for separate and distinct statutory coverage available and contracted for without reduction for benefits that may or may not have been available to Plaintiff at the time of this loss.

XVII.

That following Plaintiff's injuries and notification of the accident to the Defendant, the company's duties have been activated. Specifically their duty to fully compensate the Plaintiff on the contracts available in effect at the time of the loss to perfect and provide benefits paid for by the Plaintiff through the coverage available.

XVIII.

That the Defendant in contravention of that intended purpose, has failed and refused and continues to fail and refuse to provide full benefits available to the Plaintiff while Plaintiff still remains obligated to pay full premiums for such coverages stated to the Defendant, **AMERICAN FAMILY**.

XI.

That Defendant's actions constitute a breach of the insurance contract upon which Plaintiff has relied.

XIII.

Plaintiff alleges that the Defendant acted intentionally and willfully to deprive the Plaintiff of that to which the Plaintiff is entitled and did so with disregard to the rights of the Plaintiff in violation of statute and case precedent entitling the Plaintiff to exemplary damages.

XIX.

That as a result of Defendant's breach of contract, Plaintiff has been damaged and continues to be damaged in a sum in excess of $10,000.00.

### SECOND CAUSE OF ACTION
### (BAD FAITH)

I.

Plaintiff, **GIOVANNI MAMONE**, incorporates Paragraphs I through XIX of the First Cause of Action herein as though said paragraphs were fully set forth at this point herein.

II.

An implied covenant and a condition of the contract was that upon the insured's involvement in a motor vehicle collision and subsequent authentication and notification to the Defendant, Plaintiff would be compensated to the full extent of all contract coverages pursuant to the policy of insurance as called for in the terms and conditions of the contract and pursuant to State Statute, Regulation, and case precedent.

III.

That the Defendant, **AMERICAN FAMILY**, acted and negotiated with the Plaintiff in bad faith by its refusal to fully compensate the Plaintiff and provide all benefits available without deduction as they were each paid for separately, separate premiums having been tendered for separate benefits, underinsured motorist coverage included.

///

IV.

That these actions constitute a breach of the Covenant of Good Faith and Fair Dealing on a first party basis by the Defendant, **AMERICAN FAMILY**. They are demonstrated by its refusal to compensate the Plaintiff fully despite the knowledge, facts and circumstances, to the detriment of the policyholder and by taking a position adverse to their own policyholder as an individual covered or person covered under the policy.

V.

That the Plaintiff is entitled to settlement and coverage from all policies of insurance available and all aspects of coverage available on all vehicles insured and all aspects of coverage without limitation, including stacking of benefits, and uninsured and underinsurance benefits without deduction available in each contract of insurance at the time of the loss without deduction or offset of benefits.

VI.

By refusing to tender these coverages, the Defendant caused the Plaintiff to suffer damages under the terms of the policy including but not limited to interest on those damages, anxiety, worry, mental, emotional distress and other incidental damages in the sum in excess of $10,000.00.

VII.

That as a result of the action and activities of the Defendant, **AMERICAN FAMILY**, Plaintiff is entitled to punitive damages in the sum appropriate to set an example of the Defendant, **AMERICAN FAMILY**, but in any case, in a sum in excess of $10,000.00 as the actions and activities of the Defendant

1  constitute oppression, malice and a deliberate intent to preclude
2  that to which the Plaintiff is entitled and contracted for by way
3  of benefits.
4
5       **WHEREFORE**, Plaintiff, expressly reserving his right to
6  amend his Complaint prior to or at the time of trial of this
7  action to insert those items of damage not yet fully
8  ascertainable, prays judgment as follows:

### FIRST CAUSE OF ACTION

10  1.  For general damages sustained by Plaintiff, **GIOVANNI**
11      **MAMONE**, in an amount in excess of $10,000.00;
12  2.  For punitive damages in an amount in excess of
13      $10,000.00;
14  3.  For cost of suit and attorney's fees incurred herein;
15  4.  For such other and further relief as the Court may deem
16      just and proper in the premises.
17
18  ///
19
20  ///
21
22  ///
23
24  ///
25
26  ///
27
28  ///

## SECOND CAUSE OF ACTION

1. For general damages sustained by Plaintiff, **GIOVANNI MAMONE**, in an amount in excess of $10,000.00;
2. For punitive damages in an amount in excess of $10,000.00;
3. For costs of suit and attorney's fees incurred herein;
4. For such other and further relief as the Court may deem just and proper in the premises.

DATED this 20th day of November 2009.

CHAD A. BOWERS, LTD.

_____
CHAD A. BOWERS, ESQ.
Nevada Bar No. : 7283
3202 W. Charleston Blvd.
Las Vegas, Nevada 89102
Attorney for Plaintiff

# EXHIBIT 2

# EXHIBIT 2

# CERTIFICATE OF FACSIMILE & MAILING

The undersigned hereby certifies that on the 26th day of February, 2010, I served a copy of the foregoing **DEFENDANT AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA** by transmitting via facsimile to the below facsimile number and by causing a copy of the same to be duly deposited in the United States mail, postage prepaid, addressed to:

Chad A. Bowers, Esq.
CHAD A. BOWERS, LTD.
3202 West Charleston Blvd.
Las Vegas, NV 89102

*Attorney for Plaintiff*

Executed on February 26, 2010, at Las Vegas, Nevada.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

| Amree Stellabotte | /s/Amree Stellabotte |
|---|---|
| (Type or print name) | (Signature) |

BREMER WHYTE BROWN &
O MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258 6665

H: 1183 677 CF NOTICE OF REMOVAL-Federal Court.doc

# EXHIBIT 3

# EXHIBIT 3

```
RMFC
NELSON L. COHEN, ESQ.
Nevada State Bar No. 7657
PAUL A. ACKER, ESQ.
Nevada State Bar No. 3670
BREMER WHYTE BROWN & O'MEARA LLP
7670 WEST LAKE MEAD BOULEVARD
SUITE 225
LAS VEGAS, NV 89128
TELEPHONE: (702) 258-6665
FACSIMILE: (702) 258-6662
ncohen@bremerandwhyte.com
packer@bremerandwhyte.com

Attorneys for Defendant,
AMERICAN FAMILY INSURANCE GROUP
```

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| GIOVANNI MAMONE,, | Case No.  09A6040054 |
|  | Dept No.:  III |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL** |
| AMERICAN FAMILY MUTUAL INSURANCE, a foreign Corporation, and DOES I-X II-X, inclusive,, | |
| Defendants. | |

TO:   GIOVANNI MAMONE, PLAINTIFF; and

TO:   CHAD A. BOWERS, ESQ, Attorney for Plaintiff

PLEASE TAKE NOTICE that Defendant AMERICAN FAMILY MUTUAL INSURANCE COMPANY (hereinafter sometimes called "AMERICAN FAMILY"), has filed a Notice of Removal pursuant to 28 U.S.C. Sections 1332(a)(1), 1441(a) and 1446(a). A copy of AMERICAN FAMILY's Notice of Removal to the United States District Court is attached hereto.

Dated: February 26, 2010                                    BREMER WHYTE BROWN & O'MEARA LLP

By: ___/s/Paul A. Acker_____

Nelson L. Cohen, Esq.
Nevada Bar No. 7657
Paul A. Acker, Esq.
Nevada Bar No. 3670
Attorneys for Defendant
AMERICAN FAMILY INSURANCE

BREMER WHYTE BROWN &
O'MEARA LLP
7670 West Lake Mead Blvd
Suite 225
Las Vegas, NV 89128
(702) 258-6665

H:\1183.677 CF NOTICE OF REMOVAL-State Court.doc